*The Chief Justice delivered the opinion of the [*172. court.
Upon the following affidavit, a writ of foreign attachment was issued in this case : — ■
*204 “New Jersey, Hunterdon county, W. H., of full age, being duly sworn before me, D. J., one of the justices of the peace in and for the county of Hunterdon aforesaid, according to law, deposeth and saith, that he is the attorney of the 'Trenton Banking Company, and that William Haverstick, the person against whom an attachment is about to issue at the suit of the Trenton Banking Company, is not, to the knowledge or belief of this deponent, resident at this time in the state of New Jersey; and that the said William Haverstick owes to the said The Trenton Banking Company the sum of four hundred and seventy-five dollar’s and eighty-two and an half cents.”
“ Sworn at Trenton, in the county of Hunterdon, this .sixth day of March, 1829,”
The defendant in attachment has moved, by his counsel, to quash the writ, because the oath was not made by a competent person.
Before the issuing of an attachment, either domestic or foreign, an oath or affirmation is to be made and filed. Of .so much importance, has it been deemed by 'the legislature, that they have not only required it to be delivered to the clerk before the issuing of the writ, but have imposed a penalty on that officer if he seals the writ before he receives the oath or affirmation. .
The first section of the statute for the relief of creditors against absconding and absent debtors, (Rev. Laws, 366) prescribes the form of the oath or affirmation in respect to an absconding debtor ; and directs the same to be made by the creditor himself, before any judge of any court of record of this state, or justice of the peace of any county in the same. The second section enacts, that if the said creditor be absent, or reside out ‘ of this state, then his agent or .attorney may make oath or affirmation to the same effect, and deliver it to the clerk to be filed, who shall thereupon issue such writ of attachment.
*205 The same rule governs the affidavit in case of an attachment against an absent or non-resident debtor, as will-appear from the following considerations :
*In the first place; The twenty-sixth section of the [*173 statute which authorizes the writ of foreign attachment, requires an uniformity of procedure in all respects, except where the statute otherwise provides, or the nature of the thing compels a diversity; for it enacts “that the rights and credits, moneys and effects, goods and chattels, lands and tenements of every debtor, who may reside out of this state, shall be liable to be attached, taken, proceeded against, sold, assigned, transferred, and conveyed for the payment of his debts, in the like manner as nearly as may be, as the rights and credits, moneys and effects, goods and chattels, lands and 'tenements, of other debtors, are made liable by this act.”
In the second place; The policy and reason of the law, require an uniformity on the subject in question, and shew that the legislature designed it. Every dictate of convenience, propriety or justice, which could have induced the rule in respect to the one species of attachment, applies to the other with equal wisdom and force.
In the third place; We find, in the 26th section, a clause-which alters in one particular, the matter of the affidavit, but in no respect increases the number of persons or characters by whom if may be made. The term “ applicant for such attachment,” used in this section, by whom the oath or affirmation is to be made, is fully satisfied by being held to mean, as it was, without doubt, intended, the creditor, or if absent or residing out of the state, his agent or attorney. If the creditor is present or resides in the state, he is regarded as the applicant for the writ. If he is absent or resides out of the state, his agent or attorney may be'the applicant.
The Trenton Banking Company, the plaintiff in this attachment, being a corporation created by an act of the *206 legislature of this state, and having, by law, its place of business within the state, cannot be deemed a creditor .absent or residing out of the state, within the meaning of the second sectiqn; nor can the affidavit made iq this case, be sustained upon that section.
But a construction of the act respecting attachments, would be unsound and indefensible, and entirely inconsistent with the intention of the legislature, which should preclude a corporation from suing out a writ of attachment; as *174] must be the result, if *the act be so construed as to require the affidavit from the corporation itself, or to deny ¡the use of the writ without such affidavit. The law which gives existence to the corporation, which allows it to sue .and be sued, necessarily confers on it the authority to perform by its agents, by whom alone it can act, incidental services like that in question. The affidavit may be made, •or the right of the corporation to sue must be unreasonably narrowed, by a person acting in this respect under the authority of the corporation, and possessed of the requisite ^knowledge to make such an affidavit as the law prescribes. In general, there is a manifest propriety in the malting of such affidavits by the cashier or president, or one of the acting clerks of the bank, because acquainted by the duties ■of their stations with its pecuniary affairs, and of course with its creditors and debtors. But they are, and act in so doing, as the agents of the corporation. And the agent or attorney of the bank, though not one of those officers, when he acts under the authority of the bank, and has the requisite information, is within the reason and principle of the ■rule which will allow the affidavit to be made by a cashier or clerk.
The present affidavit appearing on the face of it to have' been" made by an agent of the bank; to skew which the oath ■of the deponent is prima facie sufficient; and containing the matters required by the 26th section to be placed in the .affidavit, ought to be sustained. The motion to quash is •overruled.